UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARLENE GREENE,

    Plaintiff,

v.

ALAMEDA COUNTY JAIL and SANTA RITA JAIL PRISON HEALTH SERVICE,

    Defendants.
                               /

No. C 08-3986 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff, an inmate at the Alameda County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. She has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations

omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that a lump was discovered in her left breast. She was taken to the nurse's office, where it was determined that her blood pressure was high and that she had a slight fever. Without a mammogram or x-ray being taken, Dr. Aramburo decided to lance the lump, which he proceeded to do without having her sign a consent form. She resisted but was unable to stop him. He did not provide an explanation, anesthetic, or pain pills. She alleges that she was in excruciating pain "as I am now." She says that no "culture" – perhaps she means biopsy – was done, and that she was denied a replacement for her dirty uniform shirt. She does not say whether the wound was bandaged.

The part of the caption in which plaintiff names the intended defendants reads: "Alameda County Jail[;] Santa Rita Jail Prison Health Svs.[;] 5325 Broder Blvd.[;] Dublin, Ca 94568." On pages two and three of the form complaint, where she is asked to write the names and addresses of the defendants, she has written: "Alameda County sheriff's Dept, Santa Rita Co. jail." That is, different defendants are listed, so it is not possible to tell who she intended to be defendants. The complaint must be dismissed with leave to amend to remedy this.

In amending, plaintiff should keep in mind that a jail is not a suable entity, but it may be that the governmental agency that runs the jail can be sued if it is alleged that the constitutional violations were the product of a policy or custom of that agency. *See Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604-05 & n.1, 610-11 (9th Cir. 1986) (police department of a city and the sheriffs department of a county are public entities under California law and therefore may be sued in federal court); *see also Brewster v. Shasta County*, 275 F.3d 803, 812 (9th Cir. 2001) (California county sheriff's department acts for county rather than state when investigating crime, thus county may be subject to § 1983 liability). And of course individuals can be sued for violating constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In the amendment plaintiff must make clear exactly which defendants she intends to name, and she must say where the defendants can be served if the case is allowed to proceed.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend within thirty days of the date this order is entered. If plaintiff does not amend, the case will be dismissed with prejudice for failure to state a claim. The amendment must be on the form for prisoner section 1983 suits and plaintiff must write "Amended Complaint" on the first page and must supply the number of this case, No. C 08-3986 PJH (PR), in the appropriate place on the firs page. This is so the amendment is not mistaken for an attempt to file a new case.

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." She also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 15, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\GREENE3986.DWLTA.wpd

3