United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARLENE GREENE,

    Plaintiff,

    v.

ALAMEDA COUNTY JAIL; SANTA RITA JAIL PRISON HEALTH SERVICE; and Dr. ARAMBURO, Santa Rita Prison Health Service,

    Defendants.
                         /

No. C 08-3986 PJH (PR)

**ORDER OF SERVICE AFTER AMENDMENT**

This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed with leave to amend in the initial review order. Plaintiff has amended. The court will now review the amended claims to determine whether they should be served. *See* 28 U.S.C § 1915A(b)(1),(2) (court must screen prisoner complaints and dismiss claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief).

**DISCUSSION**

Plaintiff alleged in her original complaint that a lump was discovered in her left breast. She was taken to the nurse's office, where it was determined that her blood pressure was high and that she had a slight fever. Without a mammogram or x-ray being taken, Dr. Aramburo decided to lance the lump, which he proceeded to do without having her sign a consent form. She resisted but was unable to stop him. He did not provide an explanation, anesthetic, or pain pills. She alleged that she was in excruciating pain "as I am now." She said that no "culture" – perhaps she meant biopsy – was done, and that she was denied a replacement for her dirty uniform shirt. She did not say whether the wound

was bandaged.

Because plaintiff named only the jail and the prison health service as defendants in the original complaint, and did not allege that the doctor's actions were pursuant to a policy or practice of those entities, the complaint was dismissed with leave to amend. In the amendment plaintiff has omitted the jail and the prison health service as defendants and added Dr. Aramburo. She thus has abandoned her claims against them. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) (defendants not named in an amended complaint are no longer defendants). Her allegations regarding the doctor, however, are sufficient to state a claim. The amended complaint will be served.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's claim against defendants Alameda County Jail and Santa Rita Jail Prison Health Service are **DISMISSED** with prejudice.

2. The clerk shall issue summons and serve, without prepayment of fees, copies of the file, including copies of this Order, upon the following defendant: Dr. Aramburo, Prison Health Services, Santa Rita County Jail, 5325 Broder Boulevard, Dublin, California 94568.

3. In order to expedite the resolution of this case, the court orders as follows:

   a. Defendant shall file a motion for summary judgment or other dispositive motion within sixty days of the date this order is entered. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date his summary judgment motion is due.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files an unenumerated motion to dismiss claiming that plaintiff failed to exhaust her available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

      c. If defendant wishes to file a reply brief, he shall do so no later than fifteen days after service of the opposition.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 3, 2009.

                                PHYLLIS J. HAMILTON
                                United States District Judge

G:\PRO-SE\PJH\CR.08\GREENE3986.SRV.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.